IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TIM LEATHERBY**                                                                               **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:23CV372-MPM-RP**

**YALOBUSHA COUNTY, et al.**                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

Presently before the court is the plaintiff Tim Leatherby's motion to proceed *in forma pauperis*. Docket 2. Having reviewed the motion as well as the plaintiff's Complaint (Docket 1), the undersigned concludes that aside from the issue of the plaintiff's ability to pay the filing fee, his action fails to assert any claim on which relief may be granted or over which this court has subject-matter jurisdiction. As such the undersigned recommends that the action be dismissed and that the application to proceed *in forma pauperis* be denied as moot.

In order to proceed *in forma pauperis* in federal court, in addition to meeting the financial prerequisites, a plaintiff must establish that he has not raised a frivolous or malicious claim or a claim that fails to state a claim on which relief may be granted. The applicable standard is found in 28 U.S.C. § 1915(e)(2), which applies equally to prisoner and nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal –
>       (i) is frivolous or malicious;

1

>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Further, before the court can reach the merits of any case before it, the court must be assured that jurisdiction exists. "Federal Courts are courts of limited jurisdiction, without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach,* 2016 WL 1375874, at *1 (5th Cir. Apr. 6, 2016). "The mere mention of a federal statute or regulation is not sufficient to confer federal question jurisdiction." *Copeland v. Michaels Corp.*, 2016 WL 2978621, *2 (N.D. Miss. May 20, 2016).

This is the third complaint that the plaintiff has filed in this court concerning a dispute with his neighbor in Yalobusha County, Mississippi. The previous two complaints sought money damages and other relief from Yalobusha County, its justice court judges, and other individuals as a result of the justice court's alleged mishandling of the dispute. *See Leatherby v. Howel*, Case No. 3:21cv18-MPM-RP; *Leatherby v. Yalabusha County*, Case 3:21cv122-NBB-RP. The court dismissed both complaints *sua sponte* for failure to state a claim and for lack of subject matter jurisdiction. Now it appears the plaintiff is facing criminal charges in Yalobusha

2

County related to the dispute with his neighbor, and in the present complaint the plaintiff asks this court to "TAKE COURT CASE AWAY FROM YALOBUSHA COUNTY FOR FAIR TRIAL." However, the plaintiff cites no federal statutory or constitutional provision conferring jurisdiction on this court to take over his state court criminal prosecution. Even liberally construing the plaintiff's complaint as a petition to remove his state court criminal prosecution to this court under 28 U.S.C. § 1443, there is no basis for such a removal.

Section § 1443(1) allows the removal of civil actions or criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." The United States Supreme Court has made clear that a removal petition under this provision must satisfy a two-pronged test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). "Second, it must appear … that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson,* 421 U.S. at 219 (quoting *Rachel,* 384 U.S. at 803). This prong "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson,* 421 U.S. at 219 (quoting *Rachel,* 384 U.S. at 799, 803). The defendant's removal petition in this case fails both prongs of this test.

As to the first prong, the plaintiff makes no claim that he has been or is being denied any

right arising under a federal law providing for specific civil rights stated in terms of racial equality. Although the plaintiff's complaint makes reference to the alleged violation of his constitutional right to due process and other unspecified civil rights, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson,* 421 U.S. at 219. See also *State of Louisiana v. Rouselle,* 418 F.2d 873, 874 (5th Cir. 1969) (per curiam) (holding reference in § 1443(1) to equal civil rights does not include broad constitutional guarantees of First Amendment); *City of Houston v. Club Fetish,* No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. April 24, 2013) (stating First, Fourth, Fifth, Ninth, and Fourteenth Amendments do not provide specific civil rights in terms of racial equality). The plaintiff's "removal petition" fails under the first prong. Even if it did not, it fails under the second prong.

As to the second prong of the Section 1443(1) test, the plaintiff cites no Mississippi law or constitutional provision that provides for the denial of the rights he claims, nor is this the "unusual case where an 'equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court.'" *Johnson,* 421 U.S. at 219 (quoting *Rachel,* 384 U.S. at 804). Rather, it is "to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-220. The plaintiff's "removal petition" therefore fails under the second prong. Neither Section 1443 nor any other statute provides a basis for the removal of the plaintiff's state court criminal prosecution to this court.

Therefore, the undersigned RECOMMENDS that the plaintiff's complaint be DISMISSED with prejudice for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction.

Further, federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b). FED.R.CIV.P. 11(c); *Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 802-03 (5th Cir. 2003) (holding violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). "No one, rich or poor, is entitled to abuse the judicial process. Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson,* 649 F.2d 285, 287 (5th Cir. 1981) (denying all of petitioner's petitions and motions, and prohibiting filing of further petitions or complaints accompanied by applications to proceed *in forma pauperis*, as sanction for petitioner's filing multiple frivolous petitions) (internal citations omitted). The Fifth Circuit has suggested that in non-prisoner cases, a court should first access monetary sanctions before considering the more drastic step of enjoining future lawsuits, and that "where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (citing *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 1986)).

As discussed herein above, the plaintiff has previously filed two similarly frivolous cases

5

in this court, both of which cases were dismissed. As such, in addition to the dismissal of the complaint, and in order to deter further frivolous filings in this court by the plaintiff, the undersigned RECOMMENDS that sanctions be imposed against the plaintiff, and that the court impose a fine in the amount of $1,000.00 payable to the Clerk of Court.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event he desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 18th day of October, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE